UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BERNICE MALCOLM,

                                 Plaintiff,

                                                                                        <u>DECISION AND ORDER</u>

                                                                                          11-CV-6509L

                v.

HONEOYE FALLS LIMA CENTRAL
SCHOOL DISTRICT, et al.,

                                 Defendants.
_____

      On October 14, 2011, pursuant to a prior order of this Court restricting plaintiff from initiating further *pro se* actions against the defendants without leave of Court, plaintiff commenced the instant action and simultaneously requested leave to prosecute it *pro se*. (Dkt. #1). On October 27, 2011, this Court issued a Decision and Order denying leave to proceed *pro se*, on the grounds that the proposed complaint was legally baseless, insufficiently stated, and barred by the *res judicata* effect of final decisions in some half dozen previous lawsuits brought by plaintiff against the defendants in state and federal court. (Dkt. #2). Plaintiff now moves (Dkt. #4), in sum and substance, for reconsideration of that Decision and Order, vacatur of that Decision and Order and all other unfavorable decisions rendered by this Court in each of plaintiff's prior actions, leave to amend the complaint, appointment of counsel, and an order prohibiting the defendants from using any of the complaint's deficiencies which were previously identified by the Court as part of their defense. Plaintiff also requests that the Court recuse itself.

      Reconsideration of a prior decision is appropriate where: "(1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes

necessary to remedy a clear error of law or to prevent obvious injustice." *U.S. v. Billini*, 2006 U.S. Dist. LEXIS 86343 at *2 (S.D.N.Y. 2006). "New evidence" is evidence that was unavailable to the movant when the Court made its previous ruling, and that could not have been found by due diligence. *See Hines v. Overstock.com, Inc.*, 380 Fed Appx. 22, 25 (2d Cir. 2010); *Frankel v. City of New York*, 2009 U.S. Dist. LEXIS 108310 at *3 (S.D.N.Y. 2009). A motion for reconsideration or amendment is not an opportunity to reargue issues already decided. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Therefore, the rules governing motions for reconsideration "are 'narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court,'" *Billini*, 2006 U.S. Dist. LEXIS 86343 at *3, *quoting Walsh v. McGee*, 918 F. Supp. 107, 110 (S.D.N.Y. 1996).

The Court has reviewed plaintiff's submissions, which do not include a proposed amended complaint or an explanation of how amendment would assist plaintiff in curing the deficiencies of the original. Plaintiff has pointed to no change in the law or evidence, or otherwise set forth any grounds justifying reconsideration. Accordingly, her motion for reconsideration and other miscellaneous relief secondary to reinstatement of the case is denied.

Plaintiff has also requested, as she has in previous actions, that the Court recuse itself. That motion is denied. The fact that a Court has ruled against a litigant provides no basis for recusal.

Here as before, plaintiff's claims of prejudice on the part of the Court consist wholly of rank speculation. Plaintiff has alleged no facts which reflect a lack of partiality on the part of the Court. Instead, plaintiff reasons that since her claims have been repeatedly dismissed by this Court and others, and because she personally believes her crusade against the defendants to be meritorious, then it must be the courts which are deficient, rather than her claims. However, plaintiff points to no error of law or omission of pertinent evidence with regard to the Court's disposition of her claims, and her mere disagreement with the result is not a basis for recusal. Plaintiff's recusal request is therefore denied.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for reconsideration (Dkt. #4) is denied in its entirety, with prejudice. Plaintiff is again cautioned that she remains permanently enjoined from the pursuit of further *pro se* actions against the defendants without leave of Court, in the manner and to the extent set forth in this Court's September 14, 2010 Decision and Order in a companion case, and that further attempts to pursue claims against the defendants which are patently frivolous, and/or to resurrect claims that have been repeatedly dismissed in state and federal court, will imminently result in the imposition of sanctions, including but not limited to monetary sanctions. *See Malcolm v. Bd. of Educ. of the Honeoye Falls-Lima Central Sch. Dist.*, 737 F. Supp. 2d 117 (W.D.N.Y. 2010).

Plaintiff's motion for service of process by the U.S. Marshal (Dkt. #5) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
         November 14, 2011.